Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
Sean D. Muntz, California Bar No. 223549
sean.muntz@bryancave.com
Helen A. Chang, California Bar No. 205265
changh@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. (erroneously sued as "JP MORGAN CHASE, NA") and WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR5 (erroneously sued as "WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR5)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PETER BOS, an individual, and JULIE BOS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR5; NATIONAL DEFAULT SERVICING CORPORATION; JP MORGAN CHASE, NA, and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. SACV11-1951 DOC (ANX)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION BY DEFENDANTS JPMORGAN CHASE BANK, N.A. AND WELLS FARGO BANK, N.A. TO DISMISS PLAINTIFFS' COMPLAINT AND EXPUNGE LIS PENDENS**<br><br>[Filed with Notice of Motion and Motion; Mem. of Points and Authorities; and [Proposed] Order]<br><br>Hon. David O. Carter<br>Courtroom 9D<br><br>Date:        March 26, 2012<br>Time:        8:30 a.m.<br>Courtroom: 9D |

IR01DOCS533609.1

REQUEST FOR JUDICIAL NOTICE

**TO PLAINTIFFS, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on March 26, 2012, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, defendants JPMorgan Chase Bank, N.A. and Wells Fargo Bank, National Association as Trustee for the Certificate holders of Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2007-AR5 Mortgage Pass-Through Certificates, Series 2007-AR5 (erroneously sued as "Wells Fargo Bank, N.A. As Trustee For The Bear Stearns Mortgage Funding Trust 2007-AR5) (collectively, "Defendants") will, and do, respectfully request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), of the documents attached to this Request for Judicial Notice as Exhibits A through G.

Exhibit A:   Deed of Trust recorded in the Official Records of Orange County on November 3, 2006, as document No. 2006000745470, encumbering the real property located at 933 West Rainbow Falls Way, Orange, California 92865 (the "Property").

Exhibit B:   Corporation Assignment of Deed of Trust recorded in the Official Records of Orange County on September 17, 2010, as document No. 2010000462497, regarding the Property.

Exhibit C:   Substitution of Trustee recorded in the Official Records of Orange County on September 17, 2010, as document No. 2010000462498, regarding the Property.

Exhibit D:   Notice of Default and Election to Sell under Deed of Trust recorded in the Official Records of Orange County on November 5, 2009, as document No. 2009000603952, regarding the Property.

1   Exhibit E:   Notice of Trustee's Sale recorded in the Official Records of
2   Orange County on September 17, 2010, as document No. 2010000462499,
3   regarding the Property.

4   Exhibit F:   Trustee's Deed Upon Sale recorded in the Official Records of
5   Orange County on February 22, 2011, as document No. 2011000094494, regarding
6   the Property.

7   Exhibit G:   Notice of Lis Pendens recorded in the Official Records of
8   Orange County on January 7, 2011, as document No. 2011000013156, regarding the
9   Property.

10   Defendants make this request in support of their Motion to Dismiss Plaintiffs'
11   Complaint and Expunge Lis Pendens.  This request is based on the attached
12   Memorandum of Points and Authorities, all pleadings and records on file in this
13   action, and such briefing, papers and argument as may be permitted in this matter.

14

15   Dated: February 21, 2012           Stuart W. Price
                                         Sean D. Muntz
16                                       Helen A. Chang
                                         **BRYAN CAVE LLP**
17

18                                       By:  */s/ Helen A. Chang*

19                                       Attorneys for Defendants
20                                       JPMORGAN CHASE BANK, N.A.
                                         (erroneously sued as "JP MORGAN
21                                       CHASE, NA") and WELLS FARGO
                                         BANK, NATIONAL ASSOCIATION AS
22                                       TRUSTEE FOR THE CERTIFICATE
                                         HOLDERS OF STRUCTURED ASSET
23                                       MORTGAGE INVESTMENTS II INC.
24                                       BEAR STEARNS MORTGAGE
                                         FUNDING TRUST 2007-AR5
25                                       MORTGAGE PASS-THROUGH
                                         CERTIFICATES, SERIES 2007-AR5
26                                       (erroneously sued as "WELLS FARGO
                                         BANK, N.A. AS TRUSTEE FOR THE
27                                       BEAR STEARNS MORTGAGE
                                         FUNDING TRUST 2007-AR5)
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Documents not physically attached to the complaint may be considered by the Court on a Rule 12(b)(6) motion if the complaint refers to such document, the document is central to plaintiff's claims, and there is no question concerning the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n.3 (2d Cir. 2002).

Pursuant to Federal Rule of Evidence 201, defendants JPMorgan Chase Bank, N.A. and Wells Fargo Bank, National Association as Trustee for the Certificate holders of Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2007-AR5 Mortgage Pass-Through Certificates, Series 2007-AR5 (erroneously sued as "Wells Fargo Bank, N.A. As Trustee For The Bear Stearns Mortgage Funding Trust 2007-AR5) (collectively, "Defendants") therefore request that the Court take judicial notice of the following documents in consideration of Defendants' concurrently-filed Motion to Dismiss Complaint and Expunge Lis Pendens under Rule 12(b)(6) of the Federal Rules of Civil Procedure:

Exhibit A:   Deed of Trust recorded in the Official Records of Orange County on November 3, 2006, as document No. 2006000745470, encumbering the real property located at 933 West Rainbow Falls Way, Orange, California 92865 (the "Property").

Exhibit B:   Corporation Assignment of Deed of Trust recorded in the Official Records of Orange County on September 17, 2010, as document No. 2010000462497, regarding the Property.

Exhibit C:   Substitution of Trustee recorded in the Official Records of Orange County on September 17, 2010, as document No. 2010000462498, regarding the Property.

Exhibit D:   Notice of Default and Election to Sell under Deed of Trust recorded in the Official Records of Orange County on November 5, 2009, as document No. 2009000603952, regarding the Property.

1     <u>Exhibit E:</u>   Notice of Trustee's Sale recorded in the Official Records of
2 Orange County on September 17, 2010, as document No. 2010000462499,
3 regarding the Property.

4     <u>Exhibit F:</u>   Trustee's Deed Upon Sale recorded in the Official Records of
5 Orange County on February 22, 2011, as document No. 2011000094494, regarding
6 the Property.

7     <u>Exhibit G:</u>   Notice of Lis Pendens recorded in the Official Records of
8 Orange County on January 7, 2011, as document No. 2011000013156, regarding the
9 Property.

10     Under Federal Rule of Evidence 201, a fact is judicially noticeable when it is
11 capable of accurate and ready determination by resort to sources whose accuracy
12 cannot reasonably be questioned. Documents not physically attached to the
13 complaint may be considered by the Court on a Rule 12(b)(6) motion if the
14 complaint refers to such document, the document is central to the plaintiff's claims,
15 and there is no question concerning the authenticity of the document. *Branch v.*
16 *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith*
17 *v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The Court may
18 consider writings not attached to a complaint even if a plaintiff omits reference to
19 such writings when the plaintiff's claims are predicated on such documents.
20 *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute*
21 *on other grounds*.

22     The Court's consideration of the attached documents does not convert
23 Defendant's Rule 12(b)(6) motion into a motion for summary judgment. *Branch v.*
24 *Tunnell, supra,* 14 F.3d 449 at 454; Schwarzer, Tashima & Wagstaffe, *Federal Civil*
25 *Procedure Before Trial* (2005), 9:212.1b.

26     The conditions for considering the attached documents are met here. The
27 loan documents of plaintiffs Peter and Julie Bos (collectively, "Plaintiffs") are
28 referenced throughout the Complaint, they are central to Plaintiffs' claims against

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1 | Defendants, and there are no questions concerning their authenticity.  Exhibits A
2 | through G were recorded in the Official Records of Orange County.  The Court may
3 | take judicial notice of the documents as official records not subject to reasonable
4 | dispute and capable of accurate and ready determination.

5 |     Further, it would be exceedingly difficult, if not impossible, for the Court to
6 | assess the validity of Plaintiffs' claims without considering Exhibits A through G, as
7 | they establish each parties' rights and obligations under Plaintiffs' loan documents
8 | and Plaintiffs' standing to bring this action.

9 |     Accordingly, Defendants respectfully request that the Court take judicial
10 | notice of the attached Exhibits A through G, in considering Defendants' Motion to
11 | Dismiss Plaintiffs' Complaint and Expunge Lis Pendens.

Dated:  February 21, 2012

Stuart W. Price
Sean D. Muntz
Helen A. Chang
**BRYAN CAVE LLP**

By:   */s/ Helen A. Chang*

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
(erroneously sued as "JP MORGAN
CHASE, NA") and WELLS FARGO
BANK, NATIONAL ASSOCIATION AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF STRUCTURED ASSET
MORTGAGE INVESTMENTS II INC.
BEAR STEARNS MORTGAGE
FUNDING TRUST 2007-AR5
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-AR5
(erroneously sued as "WELLS FARGO
BANK, N.A. AS TRUSTEE FOR THE
BEAR STEARNS MORTGAGE
FUNDING TRUST 2007-AR5)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414